**Opinion filed June 7, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00361-CV

_____

## IN THE INTEREST OF J.H. AND M.H., CHILDREN

**On Appeal from the County Court at Law**
**Midland County, Texas**
**Trial Court Cause No. FM 51,900**

### M E M O R A N D U M   O P I N I O N

S.H. appeals the trial court's order terminating his parental rights to his two children, J.H. and M.H.[1]  In a single issue, S.H. challenges the legal and factual sufficiency of the evidence supporting the determination that termination of his parental rights was in the best interest of J.H. and M.H.  We affirm.

### Background Facts

S.H. and P.B. are the parents of J.H. and M.H.[2]  The Texas Department of Family and Protective Services sought termination of their parental rights.  At the time of trial, J.H. was twelve years old, and M.H. was ten years old.  The Department sought termination of S.H.'s parental rights based on a number of statutory grounds.  At the conclusion of a bench trial, the

---

[1]Pursuant to Rule 9.8 of the Texas Rules of Appellate Procedure, we use aliases to refer to the minors and the minors' parent.  TEX. R. APP. P. 9.8(b)(2).

[2]P.B. is the mother of the children.  She is not a party to this appeal.

trial court found by clear and convincing evidence that termination of S.H.'s parental rights was in the best interest of the children and that he had (1) knowingly placed or allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being, (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the physical or emotional well-being of the children, (3) constructively abandoned the children while they were in the custody of the Department, and (4) failed to comply with the provisions of a court order that specifically established the actions necessary to obtain the return of the children.

*Sufficiency of the Evidence*

Due process requires that the grounds for termination be established by clear and convincing evidence. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). This requires a measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. TEX. FAM. CODE ANN. § 101.007 (West 2008); *In re J.P.H.*, 196 S.W.3d 289, 292 (Tex. App.—Eastland 2006, no pet.). When conducting a legal sufficiency review, we review all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *City of Keller v. Wilson*, 168 S.W.3d 802, 817 (Tex. 2005); *In re J.F.C.*, 96 S.W.3d at 266; *In re J.P.H.*, 196 S.W.3d at 292. We must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so, and we disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible. *In re J.F.C.*, 96 S.W.3d at 266.

When conducting a factual sufficiency review, we review the record as a whole, including evidence in support of and contrary to the judgment, and give due consideration to evidence that the trier of fact could have found to be clear and convincing. *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002); *In re J.P.H.*, 196 S.W.3d at 292–93. We then determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations. *In re C.H.*, 89 S.W.3d at 25; *In re J.P.H.*, 196 S.W.3d at 293. We also consider whether any disputed evidence is such that a reasonable factfinder could not have resolved that evidence in favor of its finding. *In re J.F.C.*, 96 S.W.3d at 266; *In re J.P.H.*, 196 S.W.3d at 293.

2

*Analysis*

To terminate parental rights, the Department must prove that one statutory ground for termination has occurred and that termination is in the best interest of the child. *In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *see* TEX. FAM. CODE ANN. § 161.001(2) (Vernon Supp. 2011). The focus is on the child's best interest, not that of the parent. *Dupree v. Tex. Dep't of Protective & Regulatory Servs.*, 907 S.W.2d 81, 86 (Tex. App.—Dallas 1995, no writ). No unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But, courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id*. Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *In re C.J.O.*, 325 S.W.3d at 266. A trier of fact may measure a parent's future conduct by his or her past conduct and determine that it is in the child's best interest to terminate parental rights. *In re D.S.*, 333 S.W.3d 379, 384 (Tex. App.—Amarillo 2011, no pet.).

Teresa Valero is a professional counselor employed by Child Protective Services. She counseled S.H. for two months. During his counseling sessions, S.H. admitted to using crack cocaine and marihuana for ten to twelve years, using drugs in the presence of the children, and engaging in acts of domestic violence in the presence of the children. Valero testified that S.H. did not have the tools to parent the children and that he could not take care of them. In this regard, M.H. had special medical needs as a result of receiving a kidney transplant. Valero testified that S.H. made no progress as a parent during the counseling. She additionally testified that the children were doing better in foster care than when in S.H.'s care because they were calmer and happier, their school grades had improved, and M.H.'s health had improved.

Antonio Reyes was the Family Based Safety Service Worker assigned to S.H. and the children. He testified that the children were living in a small hotel room while in S.H.'s care that was not big enough for them. He also testified that S.H. did not provide the children with a stable home environment. Reyes testified that S.H. and his girlfriend used drugs in the presence of the children and that he continued to test positive for drugs after Child Protective Services began working with him.

S.H. was incarcerated at the time of the hearing for drug possession and evading arrest. He was serving a sentence of twenty months for these offenses. When asked why his children were in foster care, S.H. responded as follows: "Because of the things that I have done, using drugs and just not using good judgment, hanging around the wrong people. I know that is the reason why I'm in this position now, the whole thing."

Stephanie Perry was the last witness to testify. She is a caseworker for the Department. She testified that the children had been in foster care for nine months as of the time of trial. Perry testified that she did not believe the children had a bond with S.H. She testified that the children did not believe that S.H. provided them with a safe environment. Perry felt that S.H. could not provide for the children in that he would be incarcerated until February 2013. She further testified that it was in the best interest of the children for S.H.'s parental rights to be terminated so that they could be adopted out of foster care.[3]

The evidence demonstrated that S.H. could not provide J.H. and M.H. a stable home environment or meet their physical and emotional needs. Further, there was no evidence that S.H. would be able to sustain a stable environment for the children or to meet the children's needs in the future. Considering the evidence relating to S.H.'s past conduct and his failure to improve as a parent while working with the Department, the trial court could have reasonably concluded that he would not be able to provide the children with a stable environment or to meet their needs in the future. Based on the evidence, the trial court could reasonably have formed a firm belief or conviction that termination of S.H.'s parental rights would be in the best interest of J.H. and M.H. We cannot hold that this finding is not supported by clear and convincing evidence or outweighed by any contrary evidence. Accordingly, the evidence is legally and factually sufficient to support the finding that termination of S.H.'s parental rights is in the best interest of J.H. and M.H. S.H.'s sole issue is overruled.

---

[3]Perry testified that the Department was open to placing the children for adoption with a relative of S.H.

4

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

June 7, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.